### UNITED STATES DISTRICT COURT
### CENTRAL DISTRICT OF CALIFORNIA

JS-6

### CIVIL MINUTES -- GENERAL

| | |
|---|---|
| Case No.  **EDCV 16-1599-JFW (KKx)** | Date:  August 30, 2016 |

Title:       Robert Garcia, et al. -v- Nationstar Mortgage, LLC, et al.

**PRESENT:**

**HONORABLE JOHN F. WALTER, UNITED STATES DISTRICT JUDGE**

| Shannon Reilly | None Present |
|---|---|
| Courtroom Deputy | Court Reporter |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**  
None

**ATTORNEYS PRESENT FOR DEFENDANTS:**  
None

**PROCEEDINGS (IN CHAMBERS):**     **ORDER REMANDING ACTION TO RIVERSIDE COUNTY SUPERIOR COURT**

On June 15, 2016, Plaintiffs Robert Garcia and Alicia Mariscal (collectively, "Plaintiffs") filed a Complaint against Defendants Nationstar Mortgage LLC ("Nationstar"), U.S. Bank National Association as Trustee for Merrill Lynch First Franklin Mortgage Loan Trust, Mortgage Loan Asset-Backed Certificates, Series 2007-4 ("U.S. Bank"), Quality Loan Service Corporation ("Quality"), and Fidelity National ("Fidelity") (collectively, "Defendants") in Riverside County Superior Court.  On June 21, 2016, Nationstar and U.S. Bank filed a Notice of Removal, alleging that this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  *See Bender v. Williamsport Area School District*, 475 U.S. 534, 541 (1986).  "Because of the Congressional purpose to restrict the jurisdiction of the federal courts on removal, the statute is strictly construed, and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."  *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996) (citations and quotations omitted).  There is a strong presumption that the Court is without jurisdiction unless the contrary affirmatively appears.  *See Fifty Associates v. Prudential Insurance Company of America*, 446 F.2d 1187, 1190 (9th Cir. 1990).  As the parties invoking federal jurisdiction, Nationstar and U.S. Bank bear the burden of demonstrating that removal is proper.  *See, e.g., Gaus v. Miles,* 980 F.2d 564, 566 (9th Cir. 1992); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1988).

Diversity jurisdiction founded under 28 U.S.C. § 1332(a) requires that (1) all plaintiffs be of different citizenship than all defendants, and (2) the amount in controversy exceed $75,000.  *See* 28 U.S.C. § 1332.  For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c).  Although Nationstar and U.S. Bank allege in their Notice of Removal that Quality and

Fidelity are Delaware corporations, they fail to allege the principal place of business for either Quality or Fidelity.[1]  See Notice of Removal, ¶ 6.  Therefore, Nationstar and U.S. Bank have failed to allege that complete diversity exists.

      Accordingly, this action is **REMANDED** to Riverside County Superior Court for lack of subject matter jurisdiction.  See 28 U.S.C. § 1447(c).

      IT IS SO ORDERED.

---

[1]  Nationstar and U.S. Bank argue in their Notice of Removal that the Court should ignore the citizenship of Quality because Quality, as the foreclosure trustee, is a nominal defendant and Quality filed a Declaration of Non-Monetary Status in the state court action on July 20, 2016, the day before this action was removed to this Court.  However, "[a] party that files a declaration of non-monetary status does not actually become a nominal party until 15 days pass without objection."  Sun v. Bank of America Corporation, 2010 WL 454720, *3 (C.D. Cal. Feb. 8, 2010); see also Boggs v. Wells Fargo Bank NA, 2012 WL 2357428, at *3 (June 14, 2012) (holding that party's citizenship could not be disregarded for purposes of determining whether the plaintiffs and the defendants were completely diverse where notice of removal was filed 14 days after declaration of non-monetary status had been filed in state court).